| DISTRICT | OFF | DOCKET NO. 87 NUMBER | FILING DATE MO. DAY YR. | NATURE OF SUIT | CITY | J | S DEMAND PLF DEF | JUDGE | MAG | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T 1315 N | 1 03 06 87 | 3 | 441 | | 1 | | | 2706 | 01117 | 87T 1315N |

| CAUSE: | PLAINTIFFS | | DEFENDANTS |
|---|---|---|---|
| | JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR. | v | TOWN OF WILSONVILLE |

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE
IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

**ATTORNEYS**

James U. Blacksher
465 Dauphin Street
Mobile, AL  36602
433-2000

~~Larry Menefee
5th Floor, Title Bldg.
300 21st Street, N
Birmingham, AL  35203
322-7300/322-7313~~

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL  35233-2810
322-6631

Julius L. Chambers
Lani Guinier
Pamela Karlan
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-1900]

~~Don Siegelman~~ Jimmy Evans
Alabama Attorney General

~~Susan Russ~~ Mort P. Ames
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
261-7406

David Boyd
BALCH & BINGHAM
P. O. Box 78
Montgomery, AL  36101
834-6500

Frank Ellis, Jr.
P. O. Box 587
Columbiana, AL  35051

| X CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | | | | JS-5 | 12/5/87 3/5/92 |
| | | | | JS-6 | 9/5/88 3/5/92 |

UNITED STATES DISTRICT COURT DOCKET                          DC-111 (Rev: 1/87)

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|      |     | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al. FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/10/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET   (Atty Frank Ellis, Jr.)

| PLAINTIFF | DEFENDANT | DOCKET NO. 85-T-1332-N |
|---|---|---|
| JOHN DILLARD, ET AL. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: TOWN OF WILSONVILLE | 87-T-1315-N PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 10 | | Town of Wilsonville's selection of defendant subclass Option B. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| Sep. 14 | | ORDER as follows: (1) not later than **10/16/87** jurisdictions which are members of subclass B or subclass C and which have not prior to the date of this order submitted appropriate settlement documents to the court, shall comply with (a) or (b) as set out in this order; (2) by **11/6/87** the plaintiff class shall file **responses** to the proposed remedies filed by subclass B and C jurisdictions pursuant to paragraph 1(b). If the plaintiff class does not agree to the remedy proposed by a jurisdiction, they shall file their own proposed remedy, following the guidelines set out in paragraph 1(b); (3) trials for remedy questions will be scheduled at a later date. However, all jurisdictions which do not reach agreement with the plaintiff class on a remedy should be prepared to commence trial not later than 11/16/87; and (4) the Attorney General of the State of Alabama is DIRECTED to mail a copy of this order to all jurisdictions which are members of subclass B and C. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 9/14/87. |
| Oct. 20 | | ORDER and JUDGMENT **appointing Hon. Charles S. Coody,** U. S. Magistrate, Middle Distirct of Alabama, **additional special master** with same authorities and duties already given special master Carroll; DIRECTING counsel for Attorney General of the State of Alabama to mail copy of this order to all members of Subclasses B and C or their attorneys. (Copies mailed to counsel.) EOD 10/21/87. |
| 30 | | ORDER, subject to court's later consideration of any objections (1) **decertifying subclasses B and C** as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) **consolidating** the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures prescribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any **objections** to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than **11/13/87**; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives some objection, this order shall take effect on **11/18/87** and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |
| Nov. 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1315-N |
|---|---|---|
| JOHN DILLARD, et al | TOWN OF WILSONVILLE | PAGE ___ OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1987 Nov. 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| 25 | | ORDER setting **trial** of this cause for **1/19/88** at 9:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery; DIRECTING plaintiffs to file brief by 1/7/88, and DIRECTING defendant to file its brief by 1/14/88. (Copies mailed to counsel; furnished Magistrates Carroll and Coody.) EOD 11/30/87. |
| 1988 Jan. 7 | | Plaintiffs' pretrial memorandum on the scope of this court's remedial power. |
| 12 | | ORDER (CA Nos. 87-T-1153-N, 87-T-1178-N, 87-T-1179-N, 87-T-1192-N, 87-T-1205-N, 87-T-1216-N, 87-T-1238-N, 87-T-1239-N, 87-T-1250-N, 87-T-1263-N, 87-T-1273-N, 87-T-1291-N, 87-T-1302-N, 87-T-1307-N and 87-T-1315-N) continuing the 1/19/98 **trial** to **2/4/88** at 9:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery, at the request of the defendants. (Copies mailed to counsel.) EOD 1/12/88. |
| 19 | | Defendant's response regarding proposed remedy and offer of judgment. Referred to Judge Thompson. |
| 27 | | Defendant's pretrial brief. |
| Feb. 1 | | Plaintiffs' pretrial reply memorandum. Referred to Judge Thompson. |
| 3 | | Plaintiffs' **objection** to qualifications of defendants' expert witness--Dr. John Alford. Referred to Judge Thompson. |
| 3 | | **Deposition** of Dr. John Alford (pltfs' exhibits 1 and 2 attached). Referred to Judge Thompson. |
| 4-5 | | Nonjury trial. |
| 5 | | Courtroom deputy's minutes of proceedings. Lists of witnesses and exhibits attached. |
| 8 | | ORDER overruling plaintiffs' objection to the qualifications of defendants' expert witness filed on 2/3/88. (Copies mailed to counsel; furnished to Magistrates Carroll and Coody.) EOD 2/9/88. |
| 23 | | Official Court Reporter's transcript (2 volumes) of 2/4/88 trial (hearing) re 85-T-1332-N (subclass A except Pine Hill) and CA Nos. 87-T-1192-N, 87-T-1239-N and 87-T-1315-N (subclass B). |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | TOWN OF WILSONVILLE | DOCKET NO. 87-T-1315-N |
| | | PAGE 4 OF ____ PAGES |

| 1988 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Feb. 25 | | ORDER setting **additional hearing** for 3/21/88 at 9:00 a.m., 2nd floor courtroom, federal courthouse, Montgomery. Further ORDERED: (1) that plaintiffs file post-trial brief by 3/28/88; (2) that defendant file post-trial brief by 4/4/88; and (3) that plaintiffs may file a reply by 4/11/88. (Copies mailed to counsel.) EOD 2/26/88. |
| Mar. 22 | | ORDER that the hearing set for 3/21/88, is cancelled and the remaining evidence is to be submitted to the court by depositions and affidavits. (Copies mailed to counsel.) EOD 3/22/88 |
| Apr. 4 | | ORDER that the parties are to submit the appropriate settlement papers by 4/29/88, the court having been informed that this cause is now settled. (Copies mailed to counsel.) EOD 4/7/88. |
| 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of subclasses B and C. Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, <u>all</u> Subclass B and C defendants-- except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By **5/16/88** liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. 4. On or before **6/10/88** liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By **6/24/88** plaintiffs shall file their brief in support of their motion for fees. 6. By **7/1/88** liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al | DEFENDANT<br>TOWN OF WILSONVILLE | DOCKET NO. 87-T-1315-N<br>PAGE ___ OF ___ PAGES |
|---|---|---|

| DATE<br>1988 | NR. | PROCEEDINGS |
|---|---|---|
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and order regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| 26 | | Parties' joint motion for notice and approval of proposed compromise and settlement. (Proposed first order tentatively approving compromise and requiring notice to the class, proposed notice to class, proposed finding and recommendation of the Magistrate, proposed final order approving settlement and proposed consent decree, with exhibits, attached.) Referred to Magistrate Carroll and Judge Thompson. |
| Jun 9 | | FIRST ORDER TENTATIVELY APPROVING COMPROMISE AND REQUIRING NOTICE TO THE CLASS directing the defendant to cause the notice attached to this order to be published in The Shelby County Reporter once a week for 3 successive weeks prior to 6/28/88; directing that maps of the districts shall be displayed in the City Hall during normal business hours; ordering that copies of the attached notice be provided by the defendant to representatives of all local media and to any black community organizations who may request a copy thereof; DIRECTING the Magistrate to conduct a hearing for considering any objections by members of the plaintiff class to the proposed compromise and settlement. The **hearing** shall be held in the federal courthouse, Montgomery, Alabama, on **7/8/88** at 2:00 p.m. (Notice attached requires objections to be filed by 7/5/88.) (Copies mailed to counsel.) EOD 6/14/88. **See 6/20/88 correction.** |
| 14 | | Plaintiffs' motion for interim orders and injunctions. Referred to Judge Thompson and Magistrate Carroll. |
| 16 | | Parties' joint motion for interim order allowing election. Referred to Judge Thompson. |
| 17 | | INTERIM ORDER ALLOWING ELECTION and **ENJOINING** defendant, etc., to hold the August 1988 elections in accordance with the schedule contained in the Code of Alabama in accordance with the substantive provisions of the settlement proposal previously made by plaintiffs and submitted to the court for approval. Further ORDERED that this is an interim order which may be modified at a later time if jurisdiction does not receive final approval of its settlement proposal. (Copies mailed to counsel.) EOD 6/17/88. |
| 20 | | Plaintiff's notice (ltr format) of correction to (6/9/88) first order. |
| Jul 8 | | **Hearing** - Proposed settlement (Magistrate Coody). |
| 8 | | Courtroom Deputy's minutes of 7/8/88 hearing; witness list attached. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | 87-T-1315-N |
|---|---|---|
| JOHN DILLARD; et al. | TOWN OF WILSONVILLE | DOCKET NO. _____ |
| | | PAGE 5 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Aug 2 | | Defendant's proof of publication. Referred to Magistrate Coody. |
| 4 | | Received cy of U. S. Department of Justice's ltr to defendant re preclearance. Referred to Magistrate Coody. |
| 11 | | Magistrate Coody's RECOMMENDATION that the Court give immediate final approval of the proposed consent decree. (Copies mailed to counsel.) EOD 8/11/88. |
| 11 | | FINAL ORDER APPROVING SETTLEMENT (1) approving and adopting the recommendation of the Magistrate; and (2) approving finally the proposed consent decree previously submitted by parties. (Copies mailed to counsel.) (Copies furnished Magistrate Carroll and Coody.) EOD 8/11/88. |
| 11 | C | CONSENT DECREE that defendant, its agents, etc., are **ENJOINED** from conducting elections for the city council under the present at-large election system, and are FURTHER **ENJOINED** as follows: (1) The city council shall consist of 7 members elected at-large, without designated or numbered places and with the 7 candidates receiving the most votes being elected; each voter may cast as many as 7 votes but no more than one for any candidate. (2) Elections shall be conducted at regularly scheduled elections in the summer of 1988. (3) The defendant shall request local legislative delegation to enact legislation providing the form of government agreed to herein; this court ordered form of government shall remain in effect only until such legislation is enacted by the legislature and precleared in accordance with provision of the Voting Rights Act of 1965. (4) Black citizens will be appointed as poll officials and to board and committees in numbers that reasonably reflect the racial composition of the municipality; the municipality shall develop a plan to educate the voters about the election system. (5) Plaintiffs are prevailing parties for the purpose of attorneys' fees, etc.; if not resolved by parties the court will, upon proper motion by any party, set the issue for hearing. (Copies mailed to counsel.) EOD 8/11/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |
| **1992** | | |
| Jan. 27 | | Plaintiffs' **motion** for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. **WITHDRAWN per order of 2/24/92.** |
| Feb 6 | | **ORDER** that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |
| Feb. 11 | | Defendant's **response** to Order to Show Cause. Referred to Judge Thompson. |
| Feb. 13 | | Plaintiffs' **withdrawal** of motion. Referred to Judge Thompson. |
| Feb. 24 | | **ORDER** that plaintiffs' motion for additional relief with respect to redistricting and the 1992 elections is withdrawn. (Copies mailed to counsel.) |